UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NORTH POINTE INSURANCE
COMPANY,

    Plaintiff,

v.                                              Case No:  2:12-cv-140-Ftm-29SPC

TAP TECHNOLOGIES, INC., JACK TEW,
DONALD KINGSTON, HERITAGE
OPERATING, L.P., THOMAS SMITH,
WILLIAM MCCAULEY, MANGROVE
CAFE, INC. and MEREDITH SAWYER,

    Defendants.
_____/

## ORDER

This matter comes before the Court on the Plaintiff, North Pointe Insurance Company's Motion for Clerk's Default of Mangrove Café, Inc. (Doc. #67) filed on May 9, 2013.  Under Fed. R. Civ. P. 55(a), default is justified "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise appear by affidavit or otherwise, the clerk shall enter the party's default."

The Plaintiff states that the Defendant, Mangrove Café, was served with the Summons and Complaint on March 26, 2012.  In the return of service, the Plaintiff states that it attempted service on the Defendant's Registered Agent on March 23, 2013, at 11:52am., but that no one was available at the registered agents office.  The Plaintiff then served an employee of the Defendant, Angel Pena, a chef at the Mangrove Café, on March 26, 2013.  Thus, the Court must first determine whether or not service was proper before entering a Clerk's Default.

The Florida Rules of Civil Procedure state that "at the time of personal service of process a copy of the initial pleading shall be delivered to the party upon whom service is made." Fla. R.

Civ. P. 1.070. A corporation may be served by serving process on the president, vice president, the cashier, treasurer, secretary, general manager, any director, any officer or business agent residing in the state. Fla. Stat. § 48.081(1)(ad). As an alternative, process may be served on the agent designated by the corporation as its registered agent. <u>PNC Bank Nat. Ass'n v. Orchid Group Investments, L.L.C.</u>, 2013 WL 870256 *1 (M.D. Fla. March 8, 2013) (citing Fla. Stat. § 48.081(3)(a)). "However, if service cannot be made on a registered agent because of failure of the corporation to comply with § 48.091, service of process shall be permitted on any employee at the corporation's principal place of business or on any employee of the registered agent." <u>PNC Bank Nat. Ass'n</u>, 2013 WL 870256 at *1.  Section 48.091 requires that the registered agent's office remain open from 10:00 a.m. to 12 noon each day except Saturdays, Sundays, and legal holidays, and "shall keep one or more registered agents on whom process may be served at the office during these hours." Fla. Stat. § 48.091(1)-(2). The conditions imposed by Florida Stat. § 48.081 must be strictly complied with. <u>S.T.R. Industries, Inc. v. Hidalgo Corporation</u>, 832 So.2d 262, 263 (Fla.3d D CA 2002); <u>Richardson v. A l bury</u>, 505 So.2d 521, 522–523 (Fla.2d D CA 1987).

      The Plaintiff attempted service on the Defendant's Registered Agent in compliance with Fla. Stat. § 48.081(3)(a) and the Federal and Florida Rules of Civil Procedure.  However, the Defendant's Registered Agent was not available during the times required by the Florida Statute. Thus, service upon Angel Pena at Mangrove Café was effective service.  To date, the Defendant has failed to file an answer, defend, appear or otherwise respond to the Complaint.  Since, the Defendant has failed to answer, defend, appear, or otherwise respond to the Plaintiff's Complaint, good cause exists to grant the Motion for a Clerk's Default.

      Accordingly, it is now

**ORDERED:**

The Plaintiff, North Pointe Insurance Company's Motion for Clerk's Default of Mangrove Cafe, Inc. (Doc. #67) is **GRANTED**. The Clerk of the Court is hereby directed to enter a Clerk's Default against the Defendant, Mangrove Café, Inc.

**DONE** and **ORDERED** in Fort Myers, Florida this 10th day of May, 2013.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies:  All Parties of Record

3