UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NORTH POINTE INSURANCE COMPANY,

            Plaintiff,

vs.	Case No. 2:12-cv-140-FtM-29UAM

TAP TECHNOLOGIES, INC., JACK TEW,
DONALD KINGSTON, HERITAGE OPERATING,
L.P., doing business as BALGAS,
THOMAS SMITH, WILLIAM McCAULEY,
MANGROVE CAFE, INC., MEREDITH
SAWYER,

            Defendants.
_____

**ORDER**

This matter comes before the Court on a jurisdictional review of the Second Amended Declaratory Judgment Complaint (Doc. #72) filed on May 22, 2013. The Complaint was filed based on the presence of diversity jurisdiction. (Doc. #72, ¶ 1.) This requires complete diversity of citizenship, and that the matter in controversy exceed the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a); Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000).

Plaintiff alleges that the amount at issue is in excess of $75,000. (Doc. #72, ¶¶ 1, 12.) Plaintiff seeks a declaratory judgment[1] as to its duty to defendant or indemnify on a commercial

---

[1]To the extent plaintiff relies upon 28 U.S.C. § 2201 as a basis for jurisdiction, the Declaratory Judgment Act is "procedural only" and does not provide a basis for subject-matter jurisdiction.
(continued...)

liability policy for third party claims asserted against the insured for litigation related to an explosion that occurred causing bodily injury and property damage. (Id., ¶¶ 15, 17, 27, 30, 44-45.)  Based on the allegations, the Court finds that the amount in controversy likely exceeds $75,000.00.

Plaintiff is alleged to be a Michigan corporation with a principal place of business in Southfield, Michigan. Defendant Tap Technologies, Incorporated is a Florida corporation with its principal place of business also in Florida. Defendant Mangrove Café is a Florida corporation with its principal place of business in Florida. (Id., ¶¶ 2-3.)  This is sufficient to state the citizenship of the corporations.

Plaintiff alleges that the individually named defendants reside in Punta Gorda, Bonita Springs, and Naples, Florida. (Id., ¶¶ 4, 5, 7, 8, 10.)  "In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States and be domiciled within the State." Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989). Pleading residency is not the equivalent of pleading domicile. Molinos Valle Del Cibao, C. por A. v. Lama, 633 F.3d 1330, 1341 (11th Cir. 2011); Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc., 561 F.3d 1294, 1297 (11th Cir. 2009); Taylor v.

---

¹(...continued)
Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671 (1950).

Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994).  "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002)(internal quotation marks and citations omitted).  Therefore, alleging where defendants reside is insufficient to plead their citizenship.

Plaintiff alleges that Heritage Operating, L.P. d/b/a Balgas is a Delaware limited partnership with a principal place of business in Oklahoma.  (Doc. #72, ¶ 6.)  Plaintiff does not identify the citizenship of the general and limited members of the partnership, and a limited partnership itself is not a citizen for jurisdictional purposes.  Carden v. Arkoma Assocs., 494 U.S. 185, 189, 195 (1990).

Plaintiff will be provided an opportunity to state the presence of federal jurisdiction pursuant to 28 U.S.C. § 1653.

Accordingly, it is now

**ORDERED**:

1. Plaintiff's Second Amended Declaratory Judgment Complaint (Doc. #72) is **dismissed without prejudice** for lack of subject-matter jurisdiction.  Plaintiff may file a third amended complaint within **FOURTEEN (14) DAYS** of this Order.  If no third amended complaint is filed, the Court will close the file.

2. Plaintiff's Motion for Summary Judgment (Doc. #78) and Motion to Strike (Doc. #96) are **denied as moot.**

**DONE AND ORDERED** at Fort Myers, Florida, this __25th__ day of June, 2013.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record