UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NORTH POINTE INSURANCE COMPANY,

    Plaintiff,

v.                                    Case No: 2:12-cv-140-FtM-29CM

TAP TECHNOLOGIES, INC., JACK TEW, DONALD KINGSTON, HERITAGE OPERATING, L.P., THOMAS SMITH, WILLIAM MCCAULEY, MANGROVE CAFE, INC., MEREDITH SAWYER, and LES ZABLASKI,

    Defendants.

---

**<u>OPINION AND ORDER</u>**

    This matter comes before the Court on Defendant Heritage Operating, L.P.'s Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. #132), filed on February 13, 2014. Plaintiff filed a Response in Opposition (Doc. #133) on March 3, 2014. Also before the Court is defendants Tap Technologies, Inc. and Jack Tew's Motion for Attorney Fees Pursuant to §627.428, Fla. Stat. (Doc. #134) and plaintiff's Response in Opposition (Do. #135). The Court assumes familiarity with the pleading history of this

case, which will not be repeated.  For the reasons set forth below, the motion is denied.

Subject-matter jurisdiction in this case is premised on diversity of citizenship between the parties, which requires complete diversity of citizenship as of the filing of the original complaint on March 9, 2012.  Freeport-McMoRan, Inc. v. K N Energy, Inc., 498 U.S. 426, 428 (1991)("We have consistently held that if jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events.").  The Fifth Amended Declaratory Judgment Complaint sufficiently alleges such complete diversity of citizenship, but defendant Heritage Operating, L.P. (Heritage) asserts that a crucial allegation is factually incorrect.  The Fifth Amended Complaint alleges that Heritage's general partner was Energy Transfer Partners, L.P., which in turn had the general partner of Energy Transfer Partners, LLC.  Neither of these entities were alleged to be citizens of Pennsylvania, plaintiff's state of citizenship.

Heritage, on the other hand, asserts that as of March 9, 2012, it was deemed a citizen of Pennsylvania for diversity jurisdiction purposes.  Attached to its motion to dismiss, Heritage has provided a five sentence Sworn Statement by Matthew A. Woodward (Doc. #132-1) attesting that as of March 9, 2012, AmeriGas Propane, L.P. was a limited partner of Heritage, that AmeriGas Propane, Inc. was a

general partner of AmeriGas Propane, L.P., and that AmeriGas Propane, Inc. was incorporated and had its principal place of business in Pennsylvania. Thus, according to Heritage, there is no complete diversity of citizenship.

In response, plaintiff submitted a Cover Letter and Amendment to Certification of Authority For Foreign Limited Partnership or Limited Liability Partnership received by the State of Florida on August 27, 2013. (Doc. #133-2, Exh. B.) The Amendment changed Heritage's general partner to AmeriGas Propane, L.P. <u>effective September 1, 2013</u>, and was signed by Matthew A. Woodward. The Court credits the information in the Amendment filed with the State of Florida over the conclusory affidavit to the contrary.

The Fifth Amended Complaint properly alleges diversity jurisdiction, and defendant Heritage has not established that plaintiff has not or cannot establish complete diversity of citizenship. While subject matter jurisdiction remains a "live" issue for the duration of the case, plaintiff has satisfied its burden at this stage of the proceedings.

Accordingly, it is now

**ORDERED:**

1. Defendant Heritage Operating, L.P.'s Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. #132) is **DENIED.**

    2. Defendants Tap Technologies, Inc. and Jack Tew's Motion for Attorney Fees Pursuant to §627.428, Fla. Stat. (Doc. #134) is **DENIED AS MOOT**.

**DONE AND ORDERED** at Fort Myers, Florida, this __18th__ day of April, 2014.

                                               /s/ John E. Steele  
                                               JOHN E. STEELE  
                                               UNITED STATES DISTRICT JUDGE

Copies:  
Counsel of record

4