UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NORTH POINTE INSURANCE COMPANY,

    Plaintiff,

v.                                  Case No: 2:12-cv-140-FtM-29CM

TAP TECHNOLOGIES, INC., JACK TEW, DONALD KINGSTON, HERITAGE OPERATING, L.P., THOMAS SMITH, WILLIAM MCCAULEY, MANGROVE CAFE, INC., MEREDITH SAWYER, and SCOTTSDALE INSURANCE COMPANY, as Subrogee of Graces Places of Naples, LLC,

    Defendants.

**OPINION AND ORDER**

This matter comes before the Court on defendant Heritage Operating, L.P.'s Motion for Reconsideration (Doc. #137) filed on April 25, 2014. Defendant seeks reconsideration of the Court's April 18, 2014, Opinion and Order (Doc. #136) denying its Motion to Dismiss for Lack of Subject Matter Jurisdiction. Plaintiff filed a Response in Opposition (Doc. #142) on May 12, 2014. For the reasons set forth below, the motion is denied without prejudice.

## I.   Procedural Background

On March 9, 2012, plaintiff filed a Declaratory Judgment Complaint (Doc. #1) asserting subject matter jurisdiction on the basis of a diversity of citizenship and an amount in controversy in excess of $75,000.  The initial pleading alleged that defendant Heritage Operating L.P. was a Delaware limited partnership with a principal place of business in Oklahoma.  (Doc. #1, ¶ 6.) Defendant admitted this allegation for jurisdictional purposes only, but asserted an affirmative defense that the amount in controversy was not met.  (Doc. #12, ¶ 6 & p. 5.)

On August 15, 2012, with leave of Court, plaintiff filed a First Amended Declaratory Judgment Complaint (Doc. #37) and defendant Heritage Operating L.P. responded by Answer and Affirmative Defenses (Doc. #40).  Neither party made any substantive change to the citizenship allegation or the affirmative defense.

On May 22, 2013, with leave of Court, plaintiff filed a Second Amended Declaratory Judgment Complaint (Doc. #72) making the same allegations with regard to defendant Heritage Operating L.P.'s citizenship.  Defendant admitted the allegation without reservation, but stated as an affirmative defense that plaintiff failed to establish diversity jurisdiction.  (Doc. #81, ¶ 6 & p. 8.)

On June 25, 2013, the Court issued an Order (Doc. #97) *sua sponte* dismissing the Second Amended Declaratory Judgment Complaint without prejudice for lack of subject-matter jurisdiction. As to defendant Heritage Operating, L.P., the Court noted that plaintiff had failed to identify the citizenship of the general and limited members of the defendant partnership and therefore did not sufficiently state its citizenship.

Plaintiff filed a Third Amended Declaratory Judgment Complaint (Doc. #98) to address defendant's citizenship. The Court found that jurisdiciton was still insufficiently pled because the general partner was itself a limited partnership whose general partner was a limited liability company identified as Energy Transfer Partners, LLC. Since it is the citizenship of the members of the company that establish the citizenship for the limited liability company, the Court once again dismissed the pleading. (Doc. #99.)

On July 29, 2013, plaintiff filed a Fourth Amended Declaratory Judgment Complaint (Doc. #100) alleging as follows:

> 6. At all material times hereto, Defendant Heritage Operating, L.P d/b/a BALGAS was and is a Delaware Limited Partnership with its principal place of business in Oklahoma, licensed to do business in the state of Florida under the fictitious name BALGAS.
>
> 7. Energy Transfer Partners, L.P. is the general partner of the Heritage Operating, L.P. Energy Transfer Partners, L.P. is a Delaware Limited Partnership with its

> principal place of business in Tulsa, Oklahoma.
>
> 8. The general partner of Energy Transfer Partners is Energy Transfer Partners, LLC. Energy Transfer Partners, LLC is a Delaware Limited Liability Company with its principal place of business in Tulsa, Oklahoma. Energy Transfer Partners, LLC is therefore domiciled in Oklahoma. Thus, the general partners of Heritage Operating, L.P. are domiciled in Oklahoma.
>
> 9. The following individuals are members of Energy Transfer Partners, LLC: Bill W. Byrne, Marshall McCrea III, Ted W. Collins, Jr., David K. Skidmore, Kelcy L. Warren, Paul Glaske, and Michael K. Grimm.

(Doc. #100.) In paragraph 17, plaintiff stated that it did not believe there were additional general or limited partners of defendant, and if so, they were not domiciled in Michigan or Pennsylvania. The citizenship of the individual members is diverse from plaintiff and is not at issue.

In response, defendant answered as follows:

> 6. Admitted for jurisdictional purposes only as of March 9, 2012. However, denied after July 1, 2013 when Heritage Operating, LP was merged into AmeriGas Propane, L.P.
>
> 7. Admitted that Energy Transfer Partners, LP is a Delaware Limited Partnership. However, denied that Energy Transfer Partners, LP was the general partner of Heritage Operating, LP as of March 9, 2012 and that Energy Transfer Partners, LP's principal place of business is in Tulsa, Oklahoma. Heritage Operating GP, LLC became the general partner of Heritage Operating, LP on January 12, 2012.
>
> 8. Admitted that Energy Transfer Partners, LLC is a Delaware Limited Liability Company.

- 4 -

> However, denied that the general partner of Energy Transfer Partners, LP is Energy Transfer Partners, LLC, that Energy Transfer Partners, LLC's principal place of business is Tulsa, Oklahoma, that Energy Transfer Partners, LLC is domiciled in Oklahoma and that the general partners of Heritage Operating, LP are domiciled in Oklahoma.

(Doc. #110.) This allegation in paragraph 17 was denied, and defendant continued to assert the general affirmative defense of lack of jurisdiction.

On January 15, 2014, with leave of Court, plaintiff filed the current operative pleading, the Fifth Amended Declaratory Judgment Complaint, asserting the same jurisdictional allegations as to defendant. (Doc. #123.) On January 29, 2014, defendant filed an Answer and Affirmative Defenses answering the relevant paragraphs in the same manner, and asserting an affirmative defense that the general and limited members of the partnership lack complete diversity of citizenship. (Doc. #127.)

On February 13, 2014, defendant filed a motion to dismiss for lack of subject-matter jurisdiction. (Doc. #132.) In support, defendant filed the Sworn Statement of Matthew A. Woodward (Doc. #132-1), the Assistant Secretary of AmeriGas Propane, Inc., which stated as follows:

> 3. As of March 9, 2012, AmeriGas Propane, Inc. was incorporated in Pennsylvania with its principal place of business located in Pennsylvania.

> 4. As of March 9, 2012, AmeriGas Propane, Inc. was a general partner of AmeriGas Propane, L.P.
>
> 5. As of March 9, 2012, AmeriGas Propane, L.P. was a limited partner of Heritage Operating, L.P.

(Doc. #132-1.) In response, plaintiff filed a 2012 Limited Partnership Annual Report, filed with the Secretary of State for Florida <u>after</u> the case was filed, and showing a change of address for the only listed general partner of defendant, Energy Transfer Partners GP, L.P., to the State of Pennsylvania. Plaintiff also filed an Amendment to Certificate of Authority reflecting that Amerigas Propane, L.P. was added as a general partner, "effective" September 1, 2013, a date after this case was initiated.

On April 18, 2014, the motion was denied. The Court found the information in an Amendment to Certification of Authority For Foreign Limited Partnership or Limited Liability filed with the State of Florida more credible than defendant's conclusory affidavit to the contrary, and that defendant failed to establish that plaintiff could not establish complete diversity of jurisdiction. Defendant now seeks reconsideration of that order.

**II.   Reconsideration of Subject Matter Jurisdiction**

"It has long been the case that the jurisdiction of the court depends upon the state of things at the time of the action brought." <u>Grupo Dataflux v. Atlas Global Grp., L.P.</u>, 541 U.S. 567, 570 (2004)(internal quotation marks and citation omitted).

It is undisputed that the relevant date at issue is March 9, 2012, the date the original pleading was filed in federal court. It is also undisputed that plaintiff was a Michigan corporation with its principal place of business in Michigan before 2010, and that it was re-domesticated in Pennsylvania and is currently a citizen of Pennsylvania. (Doc. #123, ¶ 2.) Therefore, if Heritage Operating L.P. was also a citizen of Pennsylvania on March 9, 2012, complete diversity does not exist.

Defendant Heritage Operating L.P. asserts that the Court previously erred in failing to consider the citizenship of its limited partner, which on the pertinent date was Pennsylvania. In support, defendant files for the first time a Contribution Agreement "made as of January 12, 2012," between AmeriGas Partners, L.P. and AmeriGas Propane, L.P. This Contribution Agreement recited that: (1) AmeriGas Partners, L.P. owned a 99.999% limited partner interest in defendant Heritage Operating L.P.; (2) Heritage Operating GP, LLC owned a 0.001% general partner interest in defendant Heritage Operating L.P.; and (3) AmeriGas Partners L.P. owned a 100% interest in Heritage Operating GP, LLC. Under the Contribution Agreement, AmeriGas Partners, L.P. transferred these interests (and others) to AmeriGas Propane, L.P. The Contribution Agreement provides that effective January 12, 2012, a date prior to the filing of the original pleading in this case, AmeriGas Partners, L.P. was no longer a holder of the interests

and "shall no longer have any legal or beneficial right, title or interest as the owner of" these interests. (Doc. #137-1, ¶1.) Thus, as of January 12, 2012, the owner of both the limited partnership interest and the general partnership interest in defendant Heritage was AmeriGas Propane, L.P. In the Sworn Statement of the Assistant Secretary of AmeriGas Propane, Inc., Mr. Woodward asserts that a general partner of AmeriGas Propane, L.P. is AmeriGas Propane, Inc., which is a Pennsylvania corporation and therefore a citizen of Pennsylvania.

The motion to dismiss was brought pursuant to Fed. R. Civ. P. 12(b)(1), and challenges the existence of subject-matter jurisdiction "using material extrinsic from the pleadings, such as affidavits or testimony." Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc., 524 F.3d 1229, 1233 (11th Cir. 2008)(citation omitted). The Court declines to give conclusive weight to the newly submitted document on reconsideration in light of factual inconsistencies in various pleadings and positions taken by defendant. The Court will deny reconsideration, allow jurisdictional discovery, and allow a subsequent motion to dismiss if appropriate.

Accordingly, it is hereby

**ORDERED:**

1. Defendant's Motion for Reconsideration (Doc. #137) filed on April 25, 2014 is **DENIED.**

2. The parties may conduct jurisdictional discovery over the next **thirty days** with regard to the citizenship of Heritage Operating, L.P., and the remaining deadlines in the Amended Case Management and Scheduling Order (Doc. #141) are **stayed** pending further order.

3. Defendant may file a Renewed motion to dismiss after the close of discovery with documentary support.

**DONE and ORDERED** at Fort Myers, Florida, this __10th__ day of July, 2014.

*[Signature]*
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record